IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gregory Richard Torrez, | ) | No. CIV 08-0952-PHX-NVW (DKD) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan[*] et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Petitioner Gregory Richard Torrez filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 on May 20, 2008, challenging his convictions for one count of second-degree murder and two counts of aggravated assault, and the trial court's imposition of sentences totaling 32 years. Torrez raises four grounds for habeas relief: (1) denial of his right to a trial on the aggravating factors used to enhance his sentence; (2) denial of his right to have the aggravating factors proved beyond a reasonable doubt; (3) unconstitutional imposition of a sentence beyond that authorized by statute; and (4) the ineffective assistance of counsel. Respondents contend that Torrez's petition is untimely. The court agrees and recommends that his petition be denied and dismissed with prejudice.

---

[*]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Charles L. Ryan, the Interim Director of the Arizona Department of Corrections, replaces Dora Schriro.

1	Torrez pleaded guilty on May 30, 2002, and was sentenced on August 7, 2002 (Doc.
2	#12, Exh A-D). Following briefing on his timely Petition for Post-Conviction Relief, the trial
3	court denied his petition on March 4, 2004.  His petition for review of the denial of the
4	petition to the Arizona Court of Appeals was denied on July 13, 2005 (*Id.*, Exh E-L).  Torrez
5	did not petition for a writ of certiorari in the United States Supreme Court.  While his first
6	petition was still pending in the court of appeals, Torrez filed his second Notice of Post-
7	Conviction Relief in Maricopa County Superior Court on July 27, 2004, and he filed his
8	second petition on March 16, 2005 (*Id.*, Exh M, N).  The trial court denied relief on his
9	second petition on May 10, 2005; on August 4, 2006, the Court of Appeals denied review
10	(*Id.*, Exh O-V).  On February 21, 2007, the Arizona Supreme Court denied review (*Id.*, Exh
11	W).  Torrez filed his federal petition on May 10, 2008 (Doc. #1).

12	In order to be timely filed, Torrez was required to file his federal petition within one
13	year of the time his conviction became final "by the conclusion of direct review or the
14	expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  However,
15	because Torrez pleaded guilty, he waived the right to seek direct review.  He was entitled to
16	bring an "of-right" post-conviction relief proceeding under Rule 32.1 of the Arizona Rules
17	of Criminal Procedure.  "The time during which a properly filed application for post-
18	conviction or other collateral review with respect to the pertinent judgment or claim is
19	pending shall not be counted toward any period of limitation." *See* § 2244(d)(2).  In addition,
20	the one-year limitations period did not begin to run until the conclusion of that proceeding,
21	the review of that proceeding, "or the expiration of time for seeking such proceeding or
22	review."  *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).  Torrez's one-year
23	limitations period began running on February 22, 2007, following the Arizona Supreme
24	Court's denial of review in his second post-conviction proceeding.  A review of the Maricopa
25	County Superior Court docket indicates that Torrez had nothing pending in state court during
26	the one-year period between February 22, 2007 and February 21, 2008, when that period of
27	
28	
- 2 -

limitations expired. Therefore, his federal petition, filed 80 days beyond the expiration of the limitations period, is untimely. *See* § 2244(d)(1)(A).[1]

Finally, assuming that federal courts have the authority to create equitable exceptions to jurisdictional time limitations set by Congress, *see Bowles v. Russell*, 551 U.S. 205 (2007), Torrez is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file: that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Pace v. DiGiguglielmo*, 544 U.S. 408, 418 (2005).

**IT IS THEREFORE RECOMMENDED** that Gregory Richard Torrez's petition for writ of habeas corpus be **denied** and **dismissed with prejudice** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to

---

[1] In his reply, Torrez mistakenly relies on the rule announced in *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999), extending an additional 90 days to the period of *direct review* within which a petitioner can file for a writ of certiorari from the United States Supreme Court, *whether or not a petitioner seeks such review*. Because Torrez waived the right to seek direct review, and sought collateral review, the rules do not entitle him to seek certiorari review of that proceeding. Therefore the extension allowed by *Bowen* is not one to which he would have been entitled.

- 3 -

1 appellate review of the findings of fact in an order or judgment entered pursuant to the
2 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
3       DATED this 14th day of May, 2009.

                                  David K. Duncan
                                  United States Magistrate Judge

- 4 -