**WO**

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9   Gregory Richard Torrez,                )    No. CV 08-952-PHX-NVW
                                           )
10          Petitioner,                    )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Charles L. Ryan et. al.,              )
13                                         )
            Respondents.                   )
14                                         )
                                           )
15   ─────────────────────────────────────

16          Pending before the court is the Report and Recommendation ("R&R") of

17   Magistrate Judge David K. Duncan (doc. # 15) regarding Gregory Richard Torrez's

18   ("Torrez") Petition for Writ of Habeas Corpus by a Person in State Custody filed pursuant

19   to 28 U.S.C. § 2254 (doc. # 1).  Torrez has moved for leave to file untimely objections to

20   the R&R.  (Doc. # 16.)  That motion will be granted.  The Court has conducted de novo

21   review of the portions of the R&R to which Torrez objects.  The Court agrees with the

22   Magistrate Judge's determinations and will accept the recommended decision, subject to

23   the following clarification of the reason that Torrez's petition is untimely.  Fed. R. Civ. P.

24   72(b); 28 U.S.C. § 636(b)(1) (stating that the district court may "may accept, reject, or

25   modify" the recommended disposition).

26          Petitioner pleaded guilty in state court and therefore waived his right to a

27   conventional direct appeal under Arizona law, but retained the right to seek review in an

28   "of-right proceeding" under Rule 32 of the Arizona Rules of Criminal Procedure.

Petitioner timely sought review in a Rule 32 of-right proceeding. The trial court denied relief and Torrez sought review by the Arizona Court of Appeals.

While Torrez's appeal was pending, on June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). Torrez filed notice of a second petition for post-conviction relief on July 27, 2004, invoking Rule 32.1(g) of the Arizona Rules of Criminal Procedure to assert that *Blakely* was a "significant change in the law." On July 13, 2005, after Torrez had filed his second petition, the Arizona Court of Appeals denied review of his first petition. Torrez did not seek review of his first petition in the Arizona Supreme Court. Subsequently, the Arizona Court of Appeals denied review of Torrez's second petition. On February 21, 2007, the Arizona Supreme Court also denied review of his second petition. Torrez filed his federal petition for a writ of habeas corpus on May 10, 2008.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petition for writ of habeas corpus to be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Torrez's first Rule 32 of-right proceeding was a form of "direct review" within the meaning of AEDPA. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). Direct review of Torrez's conviction was complete and the judgment against him became final on August 12, 2005, when his time to seek review of that petition expired. *See* Ariz. R. Crim. P. 32.9(g), 31.19(a) (providing thirty days to petition the Arizona Supreme Court for review of an appellate court decision entered pursuant to Rule 32).

AEDPA's statute of limitations did not begin to run immediately after the judgment became final. Torrez had already filed his second petition, tolling the statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations began to run on February 22, 2007, after the Arizona Supreme Court denied review of his second petition. Torrez had one year from that date, until February 22, 2008, to file his federal petition for a writ of habeas corpus. He untimely filed his federal habeas petition on May 10, 2008.

Torrez asserts that his two petitions were, in reality, one continued direct challenge to the aggravated sentence imposed upon him. He therefore argues that he had ninety-days to petition the United States Supreme Court for a writ of certiorari after the Arizona Supreme Court denied review of his second petition. If Torrez is correct, his petition was timely because, under *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), AEDPA's statute of limitations did not begin to run until that ninety-day period expired. For Torrez's assertion to be correct, his second petition must qualify as a form of "direct review" under AEDPA. *See Summers*, 481 F.3d at 717 (applying the holding of *Bowen* to Rule 32 of-right proceedings because such proceedings are a form of direct review under AEDPA).

Torrez's second petition invoked Rule 32.1(g) to assert that *Blakely* was a "significant change in the law" that required overturning his sentence. In determining whether Torrez's proceeding under Rule 32.1(g) constituted direct review within the meaning of AEDPA, "the determinative factor is how it functions in the Arizona criminal justice system." *Id.* at 714. For example, a Rule 32 "of-right proceeding" is a form of direct review within the meaning of AEDPA because it is the functional equivalent of a direct appeal for persons who have plead guilty and, as such, must be filed within ninety days of conviction and sentencing by the trial court. *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)). In contrast, a claim under Rule 32.1(g) does not have to be filed within ninety days of conviction and sentencing. Ariz. R. Crim. P. 32.4(a). Rule 32.1(g) enables a person to attack a final judgment using legal principles declared after the judgement became final. It is therefore not the functional equivalent of a direct appeal, is not governed by "short, definite deadlines," *Summers*, 481 F.3d at 717, and is more akin to a collateral attack on the conviction or sentence than it is to direct review.

The posture of Torrez's second petition makes it somewhat awkward to describe it as a collateral attack on the judgment. Torrez filed his second petition while his original Rule 32 of-right proceeding was still pending before the Court of Appeals. Because direct review of his conviction and sentence was still ongoing, the judgment against him

was not yet final when he filed his second petition. Torrez's objective was to attack his sentence under *Blakely*, which announced a new rule of constitutional law. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) ("[T]he Supreme Court announced a new rule in *Blakely v. Washington . . . .*"). That new rule applies to Torrez's conviction and sentence because direct review of his case was not complete when the Supreme Court decided *Blakely*. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review."). Torrez's *Blakely* claim therefore could have been asserted on direct review of his sentence.

To do so, Torrez should have moved to amend his original petition to assert a claim under *Blakely*. Ariz. R. Crim. P. 32.6(d) ("After the filing of a post-conviction relief petition, no amendments shall be permitted except by leave of court upon a showing of good cause."). Because Torrez instead filed notice of a second petition in the trial court, the Court of Appeals was not even aware of his *Blakely* claim at the time it denied review in his original "of-right proceeding." The judgment against Torrez became final thirty days after the Court of Appeals denied review of his original petition. By asserting his *Blakely* claim in a second petition under Rule 32.1(g), it took the form of a collateral attack on that judgment.

Since Torrez's second petition was a collateral attack, it merely tolled the statute of limitations until the Arizona courts resolved it on February 21, 2007. Accordingly, AEDPA's statute of limitations began to run on February 22, 2007. Torrez had one year from that date to file his federal habeas petition. Had he done so, he would have been afforded federal review of all of his grounds for relief, including his *Blakely* claim. Torrez filed his federal habeas petition on May 10, 2008, so it is barred by the statute of limitations.

With that clarification, the Court accepts the recommended decision of the Magistrate Judge within the meaning of Rule 72(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Petitioner Gregory Richard Torrez's motion for leave to file untimely objections (doc. # 16) is granted.

IT IS FURTHER ORDERED that the report and recommendation of the Magistrate Judge (doc. # 15) is accepted.

IT IS FURTHER ORDERED that the Clerk enter judgment denying Petitioner Gregory Richard Torrez's petition for writ of habeas corpus (doc. # 1) and dismissing it with prejudice. The Clerk shall terminate this action.

DATED this 25th day of June, 2009.

_____
Neil V. Wake
United States District Judge